IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR HABEAS RELIEF** |
| | ) | |
| vs. | ) | Case No. 1:12-cr-17-4 |
| | ) | |
| Klee Lee Morrison, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| Klee Lee Morrison, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-111 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is Klee Lee Morrison's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255" filed on September 17, 2014. See Docket No. 347. Filed in conjunction with Morrison's Section 2255 motion is a motion to stay the Section 2255 proceedings pending the outcome of post-conviction relief Morrison is pursuing in state court in Idaho. See Docket No. 348. The Government filed a response in opposition to both motions on November 19, 2014. See Docket No. 352. Morrison filed a reply on December 4, 2014. See Docket No. 353. For the reasons outlined below, the motions are denied.

## I. BACKGROUND

Morrison was indicted on March 21, 2012. See Docket No. 35. On February 11, 2013, Morrison pled guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance in violation of 21 U.S.C. § 846 ("Count One"), and one count of Possession of a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1) ("Count Two"). See Docket No. 232. The Court ordered a Presentence Investigation Report ("PSR") to be prepared prior to sentencing.

On Count One, the PSR found an adjusted offense level of 29 and 10 criminal history points. See Docket No. 292. This calculation placed Morrison in criminal history category V and resulted in an advisory Sentencing Guideline range of 140-175 months. Count One carried a 10-year mandatory minimum sentence. Count Two carried a mandatory minimum 5-year consecutive sentence. Both counts carried a maximum penalty of life imprisonment.

Prior to sentencing, the Government filed a motion for downward departure pursuant to United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e). A sentencing hearing was held on September 16, 2013. At the sentencing hearing the Government recommended a 5% reduction in Morrison's sentence, and requested a 130-month sentence on Count One and a consecutive 60-month sentence on Count Two. See Docket No. 346, p. 8. The Court sentenced Morrison to 60-months imprisonment on Count One and a consecutive 60-months imprisonment on Count Two. See Docket No. 340. No appeal was taken. Morrison filed the Section 2255 motion now before the Court on September 15, 2014, when he placed it in the prison mailing system. See Docket No. 347, p. 10. The motion was received and filed by the Court on September 17, 2014. Morrison is serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

## II. STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal and is not the proper way to complain about simple trial errors. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis, 417 U.S. at 343.

## III. LEGAL DISCUSSION

### A. MOTION TO STAY

Morrison first asks the Court to stay consideration of his Section 2255 motion pending the outcome of a motion for post-conviction relief motion he is pursuing in state court in Idaho. See Docket No. 348. In his post-conviction relief motion, Morrison is seeking to overturn a 2000 conviction for the unlawful taking of protected wildlife in Idaho. See Docket No. 348-1. The basis for the motion appears to be that Morrison was a juvenile at the time and the Idaho court was without jurisdiction to try him as an adult for a felony offense. This conviction was noted in the PSR. However, Morrison did not receive any criminal history points for the conviction because, according

3

to U.S.S.G. § 4A1.2(c)(2), game and fish violations are not counted. See Docket No. 292, p. 14. This would appear to make the outcome of Morrison's collateral attack a moot point. However, Morrison contends that if he prevails on his pending motion for post-conviction relief, he will then be able to collaterally attack a 2002 Idaho state court conviction for unlawful possession of a firearm by a convicted felon. Morrison was assessed three criminal history points for this conviction. See Docket No. 292, p. 11.

The Court finds that even if Morrison prevails on his pending motion for post-conviction relief in Idaho, his criminal history score may not change. More importantly, Morrison would still need to prevail on another motion collaterally attacking his 2002 felon-in-possession conviction to affect his criminal history score. The Court is not inclined to stay the current Section 2255 motion while Morrison collaterally attacks two state court convictions in Idaho. Granting a stay would delay consideration of Morrison's arguments related to the two criminal history points he was assessed under U.S.S.G. § 4A1.1(d) for committing the federal offenses while under a criminal justice sentence.

The time for filing a motion under 28 U.S.C. § 2255 based on vacating a state conviction used to enhance a federal sentence is after the order vacating the state court conviction has been filed. See Johnson v. United States, 544 U.S. 295, 298 (2005) (holding Section 2255's one-year limitations period begins to run when a petitioner receives notice of the order vacating the state conviction, provided the petitioner exercised due diligence in seeking the vacatur); see also 28 U.S.C. § 2255(f)(4) (noting the 1-year limitations period runs from the date on which the facts supporting the claim could have been discovered). In addition, it would appear that such a motion, even if numerically second in number, would not be considered a second or successive motion requiring

4

authorization from the Eighth Court of Appeals under 28 U.S.C. § 2255(h). See Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011) (finding the factual predicate which supported the claim did not exist until the vacatur of the predicate state convictions, and that since the petitioner's first Section 2255 motion had been resolved prior to the vacatur, the claim based on the vacatur was previously unavailable and thus not successive); see also Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir 2003) (finding habeas petition was not successive because the claim upon which it was premised was based on facts which had not arisen prior to his first habeas petition). Thus, if Morrison is successful in his efforts to vacate the Idaho state convictions, the undersigned is of the opinion he would not need Eighth Circuit approval to file another Section 2255 motion. Given that the outcome of Morrison's state court collateral attacks in Idaho will not be known for some time, the motion to stay is denied.

### B. SECTION 2255 MOTION

Morrison raises two claims in his Section 2255 motion. First, Morrison contends he received ineffective assistance of counsel when defense counsel failed to object to an error in the PSR which resulted in a miscalculation of his criminal history score. Second, Morrison contends the Government violated the plea agreement when it failed to notify the Court of the error which resulted in the miscalculation of his criminal history points and resulting score. Morrison asks that the PSR be corrected and the Court reconsider his sentence.

**(1) CRIMINAL HISTORY POINTS**

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must satisfy the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a defendant must establish that defense counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. This requires showing that defense counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Id. at 687-88. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, it must be demonstrated that defense counsel's performance prejudiced the defense. Strickland, 466 U.S. at 687. In other words, under this second prong, it must be proven that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). Merely showing a conceivable effect is not enough. Id. An increased prison term may constitute prejudice under the *Strickland* standard. Glover v. United States, 531 U.S. 198, 203 (2001).

There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S.

6

at 690; Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996). A court reviewing counsel's performance must make every effort to eliminate hindsight and second-guessing. Strickland, 466 U.S. at 689; Schumacher v. Hopkins, 83 F.3d 1034, 1036-37 (8th Cir. 1996). Under the *Strickland* standard, strategic decisions that are made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Strickland, 466 U.S. at 690.

The Government recognizes that Morrison's criminal history points and resulting score were incorrectly calculated. The PSR assessed Morrison two criminal history points under Section 4A1.1(d) for committing the federal offenses while under a criminal justice sentence, that being a conviction in Stark County, North Dakota, for possession of stolen property. See Docket No. 292, ¶¶ 42-43. Morrison was placed on probation for the Stark County offense on April 13, 2012. See Docket No. 292, ¶ 40. The offense conduct related to the federal case occurred through the date of the Superseding Indictment which was returned March 21, 2012. See Docket No. 35. Therefore, the offense conduct in the federal case was concluded prior to the sentencing on the Stark County charge. As a result, Morrison should not have been assessed two criminal history points under Section 4A1.1(d) for committing the federal offenses while under a criminal justice sentence. Morrison's total criminal history points should have been 8 rather than 10. This would place Morrison in criminal history category IV rather than V, and produce an advisory Sentencing Guideline range of 121-151 months, rather than 140-175 months.

Defense counsel's lack of diligence in failing to notice and correct the inaccurate information in the PSR arguably constitutes deficient performance. The Government contends that even if this failure constitutes deficient performance, Morrison has failed to demonstrate prejudice. The Court agrees. In this case, Morrison was given a significant break on his sentence, receiving a 60-month

7

sentence for his role in the drug conspiracy. Absent the Government's motion for a downward departure, Morrison was facing a 120-month mandatory minimum sentence on the drug conspiracy charge. As the Court noted at the time of sentencing, Morrison's sentence was in line with the sentences received by his co-conspirators which ranged from 72 to 120 months. See Docket No. 346, p. 24. The record reveals that others involved in the drug conspiracy received sentences ranging from 40 to 60 months. However, none of the co-defendants faced a 60-month consecutive sentence for possessing a firearm in relation to drug trafficking activities. Upon a full and carful review of the entire record, the Court concludes it would have imposed the same 60-month sentence on the drug conspiracy charge even if the advisory Sentencing Guideline range had been properly calculated as 121-151 months, rather than 140-175 months. Any prejudice occasioned by Morrison's criminal history score affecting his Bureau of Prisons security classification can be remedied by the issuance of a corrected PSR. The Court will order that a corrected PSR be prepared and filed as soon as reasonably possible. In summary, Morrison is unable to demonstrate prejudice and his argument fails.

### (2) **PLEA AGREEMENT**

Morrison also contends the Government breached the plea agreement in failing notify the Court of the error in paragraph 42 of the PSR, which resulted in an erroneous assessment of two criminal history points for committing the instant offense while under a criminal justice sentence. As discussed above, this was clearly an error. Morrison does not seek to withdraw his plea but rather asks that a corrected PSR be issued and the Court reconsider the sentence.

"When a guilty plea is induced by an agreement, the government must abide by its terms." United States v. Lovelace, 565 F.3d 1080, 1087 (8th Cir. 2009). Plea agreements are contracts and

should be interpreted according to general contract principles. United States v. Leach, 562 F.3d 930, 935 (8th Cir.2009). The burden of proof rests on the party asserting the breach. Id. Any ambiguities are construed against the government. United States v. Nguyen, 608 F.3d 368, 373 (8th Cir. 2010). at 935. To warrant relief the breach must be material or substantial. Hartjes v. Endicott, 456 F.3d 786, 790 (7th Cir.2006).

The plea agreement required the Government to apprise the Court as to all matters affecting aggravation and mitigation relevant to the issue of sentencing. See Docket No. 230, ¶ 10. The plea agreement did not specifically address Section 4A1.1(d) of the Sentencing Guidelines. The plea agreement acknowledged that upward or downward adjustments may apply and permitted both parties to advocate for or against any adjustment found to apply in the PSR. See Docket No. 230, p. 17. There is no evidence in the record that the prosecutor knew the PSR contained an error in paragraph 42 and failed to inform the Court of that error. It is apparent from the transcript of the sentencing hearing that the error was an oversight and that all parties involved failed to notice the miscalculation. The Government has acknowledged an error was made in the calculation of Morrison's criminal history points. The Court concludes the Government did not breach the plea agreement. As explained above, the error will be corrected and a revised PSR issued, although the sentence will remain the same.

**IV.    CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law. For the reasons set forth above, the Court **DENIES** Morrison's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Docket No. 347). Morrison's motion to stay (Docket

No. 348) is also **DENIED**. The Court **ORDERS** that a corrected Presentence Investigation Report be prepared and filed by the U.S. Probation Office.

The Court also issues the following **ORDER**:

1) The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

2) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his motion he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 10th day of February, 2015.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court